GUSTAVA KLUEHN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100736. Promulgated May 22, 1942.

*Stanley Suydam, Esq.*, for the petitioner.
*Ellyne E. Strickland, Esq.*, for the respondent.

OPINION.

MURDOCK: The petitioner does not contest the correctness of the amounts involved in the determination made by the Commissioner. She, a nonresident alien, contends that she was not engaged in a trade or business within the United States and did not have a place of business in the United States. If her contention is correct, then she is subject to tax under section 211 (a) of the Revenue Act of 1936 at the flat rate of 10 percent and, furthermore, capital gains are not included in her taxable income. The Commissioner contends that she had a place of business and was engaged in business in the United States and is taxable under section 211 (b) at the normal tax and surtax rates.

The Commissioner advances only two grounds for his conclusion. One is that the petitioner's dealings in securities amounted to a trade or business. The facts clearly show that under *Higgins* v. *Commissioner*, 312 U. S. 212, the few sales of securities did not constitute the carrying on of a trade or business. The other ground advanced by the Commissioner is that the absent petitioner, through her agent, the St. Louis Union Trust Co., participated in the management and operation of the properties making up the residuary estate of Adolphus Busch in which she held an undivided one-thirteenth of a one-eighth interest. We may assume that the activities of the Union Trust Co. in managing the trust created by the will of Adolphus Busch constituted the carrying on of a business in 1936, since the facts do not show the contrary.

The petitioner did not create that trust and had no voice in the management of it. The trust was created by the will of Adolphus Busch, who died in 1913. The corpus of the trust originally constituting all of the residuary estate of Adolphus Busch had not been entirely distributed in 1928, when Lilly Busch died. The peti-

tioner, as a residuary legatee of the estate of Lilly Busch, thus acquired an interest of one-thirteenth of one-eighth of the Adolphus Busch testamentary trust estate. She merely accepted that interest and did nothing about it. She never chose the trustee as her agent. Perhaps she could have demanded a partition, but she did not do so. The Commissioner, in Regulations 94, article 211–7 (b), has provided:

Neither the beneficiaries nor the grantor of a trust, whether revocable or irrevocable, is deemed to be engaged in trade or business in the United States or to have an office or place of business therein, merely because the trustee is engaged in trade or business in the United States or has an office or place of business therein.

The Commissioner's present contention is in direct conflict with this regulation. We conclude, upon the entire record in this case, that the petitioner was not engaged in a trade or business in the United States and did not have an office or place of business therein.

*Decision will be entered under Rule 50.*